UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STANLEY JORDAN, et al. | CIVIL ACTION |
| VERSUS | CASE NO. 24-1208 |
| AMERICAN SECURITY INSURANCE CO., et al. | SECTION: "G" |

### ORDER AND REASONS

Before the Court is Defendant American Security Insurance Company's ("American Security") "Motion to Dismiss under Rule 12(b)(5)."[1] American Security argues that Plaintiffs' claims should be dismissed because Plaintiffs failed to request service on American Security, or any other defendant, within ninety days as required by Louisiana law.[2] The instant motion was set for submission on August 21, 2024. Pursuant to Local Rule 7.8, an opposition to the motion was to be filed on or before August 13, 2024. To date, Plaintiffs have not filed a response to the motion. As such, the motion shall be deemed unopposed. This Court has authority to grant a motion as unopposed, although it is not required to do so.[3] Considering the motion, the record, and the applicable law, the Court denies the motion without prejudice and grants Plaintiffs an additional 30 days to perfect service on the named defendants.

---

[1] Rec. Doc. 8.

[2] *Id.*

[3] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

## I. Background

On August 4, 2023, *pro se* Plaintiffs Stanley Jordan and S&S Jordan Brother Construction Company (collectively "Plaintiffs") filed suit against Defendants American Security Insurance Company and "NFIP Direct Service Fountain Group Adjuster Wright National Flood Insurance" in the Civil District Court for the Parish of Orleans.[4] Plaintiffs allege that they suffered property damage because of Hurricane Zeta on or around June 8, 2020, and Hurricane Ida on or around August 2021.[5] Plaintiffs allege that Defendants failed to sufficiently compensate them for the property and flood damage caused by the aforementioned hurricanes.[6]

On May 10, 2024, American Security removed the matter to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.[7] The Notice of Removal states that "American Security remains unserved as of the date of this filing."[8] On July 10, 2024, American Security filed the instant motion to dismiss.[9] To date, Plaintiffs have not filed a response to the motion.

## II. American Security's Argument in Support of Dismissal

American Security argues that Plaintiffs failed to request service on American Security, or any other named defendant, within ninety days as required by Louisiana Code of Civil Procedure article 1201(C).[10] American Security contends that Plaintiffs' time to request service expired on

---

[4] Rec. Doc. 1-1.

[5] *Id.*

[6] *Id.*

[7] Rec. Doc. 1.

[8] *Id.* at 5.

[9] Rec. Doc. 8.

[10] *Id.* at 1.

November 2, 2023, before American Security removed the matter to this Court.[11] For this reason, American Security asserts that Louisiana law applies and requires the dismissal of Plaintiffs' lawsuit without prejudice.[12]

American Security states that Plaintiffs filed suit on August 4, 2023, and did not include service instructions on the petition.[13] American Security avers that service is deemed "requested" when the clerk of court receives service instructions from the plaintiff and pays the costs stipulated by the clerk.[14] To date, American Security contends that it still has not been served.[15] American Security argues that the fact that it removed the case to federal court does not waive an objection to service.[16]

### III. Law and Analysis

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner."[17] "In the absence of valid service of process, proceedings against a party are void."[18] "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity."[19] "If a defendant is not served

---

[11] Rec. Doc. 8-1 at 1.

[12] *Id.*

[13] *Id.* at 2.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 4.

[17] *Wallace v. St. Charles Parish Sch. Bd.,* 2005 WL 1155770, at *1 (E.D.La. May 5, 2005).

[18] *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).

[19] *Id.*

within 90 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[20]

American Security argues that Plaintiffs failed to request service on American Security, or any other defendant, within 90 days after filing of the petition as required by Louisiana Code of Civil Procedure article 1201(C).[21] American Security contends that this Court must apply Louisiana state law to dismiss Plaintiffs' suit without prejudice.[22] In support of this contention, American Security cites *Herbert v. Louisiana*.[23] However, the court in *Herbert* noted that "because service was made prior to this case being removed to this Court, Louisiana law applies in determining whether service was proper."[24] In the instant matter, service was not made prior to the case being removed to this Court. In any event, both federal law and Louisiana law call for a 90-day period for service from the commencement of the action.[25] As such, the outcome will be the same regardless of if federal law or Louisiana law is applied.

American Security's removal of this matter to federal court does not waive its right to object to service of process.[26] Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[27] Plaintiffs

---

[20] Fed. R. Civ. P. 4(m).

[21] Rec. Doc. 8 at 1.

[22] *Id.*

[23] 2021 WL 3367586 at *4 (E.D. La. August 3, 2021).

[24] *Id.* (citing *Vaugh v. Frame*, 210 F.3d 366 (5th Cir. 2000)).

[25] Fed. R. Civ. P. 4(m); La. Code Civ. Pro. art. 1201(C).

[26] *See Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409, 49 S.Ct. 360, 73 L.Ed. 729 (1929*); see also City of Clarksdale v. Bellsouth Telecommunications, Inc.*, 428 F.3d 206, 214 n. 15 (5th Cir. 2005).

[27] Fed. R. Civ. P. 4(m).

have failed to serve American Security within the 90-day time period set out in Federal Rule of Civil Procedure 4(m) and Louisiana Code of Civil Procedure 1201(C). Under Rule 4(m), the Court may extend the time for service. Therefore, the Court exercises its discretion to allow additional time for Plaintiffs to perfect service on Defendants. The Court shall allow Plaintiffs an additional 30 days to perfect service on defendants.

### IV. Conclusion

For the reasons stated herein, the Court finds that American Security was not served within the requisite time. As such, the Court denies the instant motion without prejudice and grants Plaintiffs an additional 30 days to perfect service on defendants. Accordingly,

**IT IS HEREBY ORDERED** that American Security's Motion to Dismiss under Rule 12(b)(5)[28] is **DENIED WITHOUT PREJUDICE**. Plaintiff must perfect service on defendants within 30 days of this Order. If service is not made within 30 days, American Security is granted leave of Court to file a renewed motion to dismiss.

**NEW ORLEANS, LOUISIANA,** this __4th__ day of September, 2024.

                                **NANNETTE JOLIVETTE BROWN**
                                **CHIEF JUDGE**
                                **UNITED STATES DISTRICT COURT**

---

[28] Rec. Doc. 8.